## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **ROBERT HOFFMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:10-cv-00279 JWS** |
| | ) | |
| **vs.** | ) | **ORDER AND OPINION** |
| | ) | **[Re: Motions at Dockets 6 and 8]** |
| **JOHN E. POTTER, POSTMASTER** | ) | |
| **GENERAL, UNITED STATES** | ) | |
| **POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## I.  MOTIONS PRESENTED

At docket 6, defendant John E. Potter, Postmaster General, United States Postal Service ("USPS), moves to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  At docket 7, plaintiff Robert Hoffman opposes the motion.  Defendant replies at docket 10.  At docket 8, plaintiff moves for leave to file an amended complaint.  At docket 9, defendant opposes the motion.  Plaintiff replies at docket 11.  Oral argument was requested, but it would not assist the court.

## II.  BACKGROUND[1]

Robert Hoffman was employed with USPS commencing in October 1992.  In 2005, Mr. Hoffman was diagnosed with multiple sclerosis, which has impaired his memory.  On October 13, 2007, USPS asked Mr. Hoffman to take a "scheme test," which involved extensive memorization of random names and numbers.  Mr. Hoffman had never been asked to take a scheme test prior to this date.  Mr. Hoffman informed his Station Manager that he could not pass the scheme test because of his age and medical disability.  Mr. Hoffman also requested "hands on training as a study aid to prepare for the scheme test."[2]  USPS denied his request.  On January 15, 2008, Mr. Hoffman took the scheme test and did not pass.  On January 17, 2008, USPS issued a "Notice of Termination for Scheme Failure."  Mr. Hoffman resigned in lieu of termination effective March 29, 2008, which Mr. Hoffman alleges amounts to a constructive discharge.

On June 24, 2009, Mr. Hoffman filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination in employment.  On November 5, 2009, the EEOC issued a right-to-sue letter to Mr. Hoffman, granting him the right to sue defendant in federal court.

On February 8, 2010, Mr. Hoffman filed a complaint against the USPS, alleging claims under the Age Discrimination in Employment Act,[3] the Americans with Disabilities

---

[1]For purposes of this motion, the court assumes the factual allegations in plaintiff's complaint are true and draws all reasonable inferences in plaintiff's favor.

[2]Doc. 1 at p. 3.

[3]29 U.S.C. § 623.

Act ("ADA"),[4] and claims for compensatory and punitive damages under 42 U.S.C.
§ 1981a.  USPS moves to dismiss Mr. Hoffman's complaint in its entirety.  Mr. Hoffman
moves for leave to file an amended complaint.

### III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an
action for lack of subject matter jurisdiction.[5]  When subject matter jurisdiction is
challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in
order to survive the defendant's motion to dismiss.[6]  "A motion to dismiss for lack of
subject matter jurisdiction may either attack the allegations of the complaint or may be
made as a 'speaking motion' attacking the existence of subject matter jurisdiction in
fact."[7]  Where, as here, defendant brings a facial attack on the subject matter jurisdiction
of the district court, the court assumes the factual allegations in plaintiff's complaint are
true and draws all reasonable inferences in plaintiff's favor.[8]  The court does not,
however, accept the truth of legal conclusions cast in the form of factual allegations.[9]

---

[4]42 U.S.C. § 12112.

[5]*Tosco v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000) (citing 28 U.S.C.
§§ 1331, 1332(a)).

[6]*Id.* at 499.

[7]*Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733
(9th Cir. 1979).

[8]*Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[9]*Id.* (quoting *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Notice pleading rules require that a complaint set forth "only 'a short and plain statement' of the grounds for jurisdiction and the claim for relief."[10]

## IV.  DISCUSSION

### A.  Motion to Dismiss

Defendant first moves to dismiss Mr. Hoffman's claim under the ADA on the grounds that the "ADA exempts the United States government and its wholly owned corporations from the Act's definition of employer."[11]  Similarly, defendant moves to dismiss Mr. Hoffman's claim for punitive damages on the grounds that he may not seek punitive damages against the United States under 42 U.S.C. § 1981a.  Section 1981a(b)(1) provides for the recovery of punitive damages "against a respondent (other than a government, government agency or political subdivision)" in a subset of cases involving intentional discrimination of an "egregious" nature.[12]  Mr. Hoffman concedes that his claims against USPS under the ADA and for punitive damages must be dismissed.

Defendant next moves to dismiss Mr. Hoffman's claim under the ADEA on the grounds that it is time barred.  "Under the ADEA, an employee has two alternative options for seeking judicial redress."[13]  An employee may invoke the EEOC's

---

[10]*Id.* at 1074 (quoting Fed. R. Civ. P. (8)(a)(1),(2)).

[11]Doc. 6 at p. 4 (citing 42 U.S.C. § 12111).

[12]*Kolstad v. American Dental Ass'n*, 527 U.S. 526, 534 (1999)(quoting § 42 U.S.C. 12111) ("The term 'employer' does not include . . . the United States, a corporation wholly owned by the government of the United States, or an Indian tribe. . .").

[13]*Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008).

administrative claims process, and then appeal any loss to the federal court.[14]
"Alternatively, 'when the individual has not filed a complaint ... with the Commission,' he
may give notice of the discriminatory action to the EEOC within 180 days of that action,
and then give notice of his intent to sue at least thirty days before commencing suit."[15]
"If the employee goes through the administrative process, he must notify the EEO
counselor within forty-five days of the alleged discriminatory conduct."[16]  Mr. Hoffman's
complaint alleges that he was constructively discharged by USPS on March 29, 2008,
and that he filed a charge with the EEOC for discrimination in employment on June 24,
2009.  Under either option, Mr. Hoffman's claim was untimely.

Mr. Hoffman argues that the time limit for filing a notice of discriminatory action
with the EEOC should be equitably tolled because an attorney "informed him that [he]
had 300 days from the last date of harm in which to initiate counseling" with the
EEOC.[17]  Federal courts typically extend equitable relief only sparingly, allowing
equitable tolling "in situations where the claimant has actively pursued his judicial
remedies by filing a defective pleading during the statutory period, or where the
complainant has been induced or tricked by his adversary's misconduct into allowing the
filing deadline to pass."[18]  Courts are generally "much less forgiving in receiving late
filings where the claimant failed to exercise due diligence in preserving his legal

---

[14]*Carver v. Holder*, 606 F.3d 690, 695 (9th Cir. 2010)

[15]*Id.* (quoting 29 U.S.C. § 663a(d)).

[16]*Whitman*, 541 F.3d at 932.

[17]Doc. 7-1 at p. 3.

[18]*Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990).

rights."[19]  The principles of equitable tolling do not apply here to what is at best a claim of excusable neglect.[20]  Moreover, Mr. Hoffman has failed to show due diligence.  Even assuming he reasonably relied on the representation that he had 300 days to "initiate counseling" with the EEOC, Mr. Hoffman waited over 300 days to file a charge with the EEOC after being constructively discharged by USPS.  Accordingly, Mr. Hoffman's claim under the ADEA is dismissed.

Defendant also moves to dismiss Mr. Hoffman's claim for compensatory damages under 42 U.S.C. § 1981a(b)(2) because § 1981a does not provide a separate cause of action, but rather an additional remedy for unlawful intentional discrimination. The court concurs.  Because Mr. Hoffman's substantive claims have been dismissed, his claim for compensatory damages under § 1981a is also dismissed.

**B.  Motion for Leave to Amend**

Mr. Hoffman moves for leave to file an amended complaint.  Mr. Hoffman's proposed amended complaint 1) omits his claims for punitive damages; 2) replaces his claim under the ADA with a claim under the Rehabilitation Act;[21] and 3) adds a factual allegation in support of his claim under ADEA which states, "The Plaintiff further alleges that he received a letter from the Defendant on April 10, 2008 that indicated that he would be without health and life insurance and retirement benefits and that the Defendant would continue with the termination if he did not retire."[22]  Defendant

---

[19]*Id.*

[20]*Id.*

[21]29 U.S.C. §§701-794 (1975 & Supp. 1983).

[22]Doc. 8-1 at pp. 4-5.

opposes the motion for leave to amend on the grounds that the proposed amendments would be futile.

Rule 15(a) allows a party to amend his or her complaint by leave of the court and provides that such leave "shall be freely given when justice so requires."[23]  In reviewing a motion for leave to amend, the court considers "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."[24]  Not all factors are given equal weight.  Futility of amendment by itself can justify the denial of a request for leave to amend.[25]

Mr. Hoffman first seeks to replace his claim under the ADA against USPS with a discrimination claim under the Rehabilitation Act.  Mr. Hoffman was required to timely exhaust his administrative remedies with the EEOC before pursuing his Rehabilitation Act claim in district court.[26]  Under the Rehabilitation Act, the applicable regulations "require that a complainant bring his grievance to the attention of the EEO counselor within 30 days of the effective date of the personnel action."[27]

USPS issued a letter of termination to Mr. Hoffman on January 17, 2008, and Mr. Hoffman resigned in lieu of termination effective March 29, 2008.  Mr. Hoffman did not contact the EEOC until June 24, 2009.  The time period for filing a complaint of

---

[23]Fed. R. Civ. P. 15(a).

[24]*Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

[25]*Id.*

[26]*Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003).

[27]*Boyd v. U.S. Postal Service*, 752 F.2d 410, 414 (9th Cir. 1985) (citing C.R.F. § 1613.214(a)(l)(1984)).

discrimination with the EEOC begins to run "when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights."[28]  In the face of the letter of termination from USPS in January 2008, and Mr. Hoffman's subsequent constructive discharge in March 2008, Mr. Hoffman's failure to contact the EEOC before June 2009 was not an "exercise of reasonable prudence."[29]  Furthermore, as discussed above, nothing in the record compels the application of the principles of equitable tolling.

Mr. Hoffman also moves to amend his complaint to add an allegation that USPS's discriminatory conduct continued until April 10, 2008, when he received a letter from the USPS.  However, the proposed amendment would be futile because he still "did not bring his grievance to the attention of the EEO counselor within 30 calendar days of the final personnel action."[30]  Accordingly, Mr. Hoffman is precluded from pursuing his claim under the Rehabilitation Act in federal court.

---

[28] *Id.*

[29] *Id.*

[30] *Id.*

## V.  CONCLUSION

For the reasons set out above, defendant's motion at docket 6 to dismiss is

**GRANTED**, and plaintiff's motion at docket 8 for leave to file an amended complaint is

**DENIED**.

DATED this 1st day of November 2010.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE